UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 06-04-DLB

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                    REPORT AND RECOMMENDATION

LAWRENCE HASLON                                                  DEFENDANT

* * * * * * * * * *

On November 9, 2016, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Lawrence Haslon had violated conditions of his supervised release. Defendant was present in Court and represented by Edward L. Metzger, III, and the Government was represented by Assistant United States Attorney (AUSA) Laura K. Voorhees. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-06-cr-04-DLB-CJS_20161109_135509; the official record of this proceeding was certified by Amy Blosser, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing, the parties informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to Violations 1 and 2 as set forth in the August 16, 2012, Violation Report and Violation 4 as set forth in the November 3, 2016, Memorandum Supplement. In exchange, the Government agreed to move to dismiss Violation 3, and the parties agreed to jointly recommend a sentence of 37 months of imprisonment with no supervision to follow. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's

**supervised release be revoked** and that he be sentenced to a **37-month term of imprisonment**, with no term of supervised release to follow.

## I.      Procedural Background

On April 6, 2006, Defendant pleaded guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1).  (R. 20).  On September 21, 2006, the presiding District Judge entered Judgment, sentencing Defendant to a 60-month term of imprisonment with an 8-year term of supervised release to follow.  (R. 36).  On April 19, 2010, Defendant was released from prison to begin his term of supervision.  (R. 58).

On August 13, 2012, Probation Officer Robert Cooper submitted to the presiding District Judge a Petition for Warrant or Summons for Offender Under Supervision, setting forth allegations that Defendant violated the terms of his supervised release and requesting a warrant be issued for his arrest so Defendant could be brought before the Court to show cause why his supervision should not be revoked.  (R. 47; R. 49).  The District Court ordered the issuance of an arrest warrant.  (R. 48; R. 50).  On November 1, 2016, Defendant was placed in federal custody and was brought before the undersigned on November 3, 2016, for an initial appearance on supervised release charges.  (R. 53; R. 54; R. 55).

At the initial appearance, the Court reviewed with Defendant the charged violations as presented to the Court via the Probation Officer's August 16, 2012, Violation Report, and the November 3, 2016, Memorandum Supplement.  (R. 58).  The court also reviewed with Defendant the potential penalties for the charged violations, and the matter was set for a Final Revocation Hearing.

As discussed above, at the Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement:  Defendant was prepared to plead guilty to Violations 1 and 2 as set forth in the August 16, 2012, Violation Report and Violation 4 as set forth in the November 3, 2016, Memorandum Supplement; the United States agreed to move to dismiss Violation 3; and the parties agreed on a recommended sentence of 37 months of incarceration with no supervision to follow.

Prior to taking Defendant's plea, the undersigned confirmed with Defendant that he had received the November 3, 2016, Addendum to Supervised Release Violation Report and understood the potential penalties he faced, including the statutory maximum term of incarceration as well as the applicable Sentencing Guideline range.[1]   The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to Violations 1, 2 and 4.  Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

> **Violation #1**:  You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each [month].  (Grade C violation).

As of August 5, 2012, Defendant had not submitted monthly supervision reports for March 2012, April 2012, May 2012, and July 2012.

---

[1]On November 3, 2016, U.S. Probation Officer Leanne Vonderhaar provided an Addendum to Supervised Release Violation Report to clarify the penalties Defendant faced for his alleged violations.  (R. 60).

**Violation #2**:  You shall notify the probation officer ten days prior to any change of residence or employment.  (Grade C violation).

From January 19, 2011, to March 2012, Defendant resided at his girlfriend's residence at 673 Waycross Road, Cincinnati, Ohio 45240.  On March 10, 2012, his girlfriend told the Probation Officer that Defendant moved out of her residence and she did not know where he was staying.

**Violation #4**:  You shall not commit another federal, state, or local crime.  (Grade A violation).

On November 14, 2015, Defendant was arrested and charged in Kentucky court with various traffic and drug offenses.  On December 16, 2015, he was charged with being a persistent felony offender second degree.  On May 27, 2016, Defendant appeared before the Madison Circuit Court and was sentenced to three years of imprisonment for trafficking in marijuana, 8 ounces to less than 5 pounds, and 90 days of imprisonment for buying/possessing drug paraphernalia.  The remaining charges were dismissed.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of these charged violations, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to these charges knowingly and voluntarily.  Therefore, based on Defendant's plea of guilty to these violations, the undersigned finds and will recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged in Violations 1, 2 and 4. The undersigned also recommends the Court grant the Government's Motion to Dismiss Violation 3.  The only issue remaining is the appropriate sentence to impose for the admitted violations.

## II.    Sentencing

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  Upon revocation, a court should

4

impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). The sentencing court is to consider:

1.     The nature and circumstance of the offense and the history and characteristics of the Defendant, *see* 18 U.S.C. § 3553(a)(1);

2.     The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the Defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the Defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D);

3.     The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the Defendant is sentenced, for a violation of a term of supervised release, *see* 18 U.S.C. § 3553(a)(4),(5);

4.     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and,

5.     The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a); *see also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009). In determining an appropriate sentence, the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guideline (U.S.S.G.) Ch. 7, Pt. B, and certain factors set out in 18 U.S.C. § 3553(a), as set forth above, must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 60 months, the underlying offense being a Class A felony. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline § 7B1.4(a) suggests a revocation range of imprisonment of 46 to 57 months, based upon Defendant's criminal

history category of V and his highest supervised release violation being a Grade A violation.  In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation.

The parties agree that a 37-month term of incarceration is an appropriate sentence.  Defense counsel explained the parties' reasoning in recommending a 37-month term of incarceration is to provide Defendant some benefit from the changes made in the drug sentencing laws since the date he was convicted.[2]  Specifically, defense counsel stated that the statute under which Defendant was sentenced in 2006 has since been amended in such a way that his underlying conviction, if committed today, would no longer be classified as a Class A felony.  *See* 21 U.S.C. § 841(b)(1)(B)(iii).  Instead, Defendant's underlying conviction, if committed today, would be classified as a Class B felony.[3]  Thus, in an effort to treat similarly situated persons in a consistent manner, the parties agreed to recommend a sentence at the high end of the Sentencing Guidelines

---

[2]In making his argument, defense counsel presented the Court with a packet of legal materials to demonstrate the changes made to 21 U.S.C. § 841, and how the changes would impact sentencing on the supervised release violation had Defendant been convicted after the amendment.  The material was provided as a convenience to the Court and was not presented as an exhibit to the proceeding since it contains only legal authority.

[3]Defendant pleaded guilty to distributing 5 grams or more of cocaine base.  (R. 32).  The Plea Agreement provides Defendant sold 8.26 grams of cocaine base to a cooperating witness and was found in possession of 9.12 grams of cocaine hydrochloride.  (R. 32, at ¶ 3).  Defendant having been previously convicted of a drug felony, faced a mandatory minimum of 10 years and a maximum punishment of life.  *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006).  Thus, Defendant's underlying offense is a Class A felony.  *See* 18 U.S.C. § 3559(a)(1).

Since the date of Defendant's conviction, § 841(b)(1)(B)(iii) has been amended to require involvement of 28 grams or more of cocaine base to trigger the enhanced penalty.  Thus, had Defendant committed his offense today, his maximum term of imprisonment would be not more than 30 years–a Class B felony.  *See* 18 U.S.C. § 3559(a)(2).

range that would be applicable if Defendant's underlying charge had been classified as a Class B felony, i.e., 30 to 37 months.[4]

AUSA Voorhees confirmed the United States is in agreement with the proposed sentence for the reasons set forth by defense counsel.  In addition, she noted that during their negotiations of an appropriate sentence, the parties also discussed that Defendant had served a year on the state charges and he would not seek a reduction in the sentence imposed for the violations of his supervised release for the time spent in state custody.  AUSA Voorhees stated that given Defendant had served one year on the state charges and is now subject to an additional 37 months for these supervised release violations, the United States is satisfied that the recommended sentence is appropriate.  The Government also orally moved to dismiss Violation 3.

Upon inquiry of the Court, Probation Officer Cooper stated he agrees that a 37-month term of incarceration is appropriate in this circumstance.  He also agreed that Defendant should not be sentenced to a further term of supervision.

Upon consideration of the entire record, including the August 16, 2012, Violation Report, the November 3, 2016, Memorandum Supplement, the sentencing materials from the underlying Judgment in this District, the § 3553 factors imported into the § 3583(e) analysis, and the applicable policy statements, the undersigned concludes that the parties' recommended sentence of 37 months is appropriate.  While a 37-month term is below the Guidelines range, the Court finds counsel's reasoning compelling and the recommended sentence reasonable and appropriate under the

---

[4]Under Policy Statement § 7B1.4, a person on supervised release as a result of a sentence for a Class B felony, having been found to have committed a Grade A violation and having a criminal history category of V, has a sentencing range of  30 to 37 months.  U.S.S.G. § 7B1.4.

circumstances. A sentence of 37 months is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under § 3553.

The parties' recommendation that no supervision should follow is also appropriate. Defense counsel argued that under the new version of the sentencing statute, Defendant would have likely been sentenced to a 6-year term of supervised release instead of the 8-year mandatory minimum term of supervision required under the prior version of the statute. Counsel further noted that Defendant has now served six years of his term of supervised release. The Government and the Probation Officer agreed that no further term of supervision is appropriate in this circumstance. The Court also agrees and will recommend no further term of supervision be imposed.

Defendant has waived his right to allocution. (R. 62). Defendant did not waive his right to appeal. The Court advised Defendant of his appellate rights, and he signed an acknowledgment that the Court's Advice of Right to Appeal had been read to him in open court. (R. 61).

Lastly, Defendant has requested that the Court recommend that he be placed at a federal facility as close as possible to his family in Richmond, Kentucky. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

## III.    Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his plea of guilty to Violations 1, 2 and 4 knowingly and voluntarily; and the undersigned having considered the pertinent § 3553(a) factors, the advisory Guidelines and policy statements, and the presentations of counsel, **IT IS RECOMMENDED** that:

8

1.      The District Court **grant** the Government's oral Motion to Dismiss Violation 3 as set forth in the August 16, 2012, Supervised Release Violation Report;

2.      Defendant **Lawrence Haslon** be found to have **violated** the terms of his supervised release as set forth in Violations 1 and 2 of the August 16, 2012, Violation Report and Violation 4 as set forth in the November 3, 2016, Memorandum Supplement;

3.      Defendant's supervised release be **revoked**;

4.      Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of **37 months,** credit to be given for time served since his detention on the charged violation, with **no supervised release to follow**; and

5.      The District Court recommend that the Bureau of Prisons place Defendant at a facility as close as possible to his family in Richmond, Kentucky.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Judge for consideration of this Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 31st day of December, 2016.



Signed By:

_Candace J. Smith_

**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\06-04-Haslon SR violation R&R.wpd